UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ROBERT MIMS,

        Petitioner,                               MEMORANDUM
                                                              AND ORDER
                                                              08-CV-2270 (JG)

       -against-

R.K. WOODS,

        Respondent.
-----------------------------------------------------------x
A P P E A R A N C E S :

    ROBERT MIMS
        04-A-3271
        Five Points Correctional Facility
        P.O. Box 119
        Romulus, NY 14541
        Petitioner, *Pro Se*

    CHARLES J. HYNES
        Kings County District Attorney
        Renaissance Plaza
        350 Jay Street
        Brooklyn, NY 11201
    By:   Leonard Joblove
        Thomas M. Ross
        Attorneys for Respondent

JOHN GLEESON, United States District Judge:

        Robert Mims, currently incarcerated in Five Points Correctional Facility, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his conviction in New York State Supreme Court of robbery in the first degree. Mims claims that the trial court deprived him of due process of law by preventing him from offering expert testimony on the reliability of eyewitness identification, and erred by instructing the jury that it could consider the

1

similarities between the two robberies Mims allegedly committed as evidence of guilt. For the reasons stated below, the petition is denied.

## BACKGROUND

A.  *The Crime and the Investigation*

The evidence at trial established that, on May 29, 2002, Terry Washington flagged down a police officer and pointed out Mims as one of two men who had just robbed his truck. The police arrested Mims and arranged to have Francis Reyes, the victim of a similar truck robbery, come to the precinct to view a lineup. Reyes identified Mims as the man who robbed him, and Mims was tried for both robberies.

Prior to trial, defense counsel moved to present expert witness testimony as to how factors such as the cross-racial nature of Reyes's identification and the brief opportunity each witness had to view the robber affected the reliability of the identification. The court refused to allow this testimony, noting that it was based on laboratory studies rather than studies based on real crimes.

During its deliberations, the jury sent a note asking "how to treat the separate cases and if we can consider the similarity of the crimes in our decision, i.e. the M.O. of the crimes." Tr. at 615. Over defense counsel's objection, the judge answered "yes as one of many factors in determining the guilt or innocence of a defendant." *Id.* On June 2, 2004, the jury found Mims guilty of both robberies. Mims was sentenced to two consecutive 22-year terms of imprisonment.

On appeal, Mims argued that his due process rights were violated by both the refusal to admit the expert testimony and the instruction that the similarity between the crimes

2

could be evidence of guilt. The Appellate Division explicitly rejected the first argument, holding that, under the circumstances, "the hearing court properly denied the defendant's application to call an expert witness on the matter of eyewitness identification." *People v. Mims*, 817 N.Y.S.2d 356, 357 (2d Dep't 2006). It also held that Mims had waived his objection to the disputed jury instruction by "attempting to exploit the differences between the two robberies" during defense counsel's summation. *Id.* at 358. Nonetheless, the Appellate Division vacated the conviction for the first robbery, holding that Reyes's identification testimony should have been suppressed. *Id.* at 357. This robbery charge was ultimately dismissed. However, the Appellate Division affirmed the conviction and sentence for the second robbery, *see id.*, and the Court of Appeals denied leave to appeal on September 14, 2006. *People v. Mims*, 7 N.Y.3d 850 (2006).

## DISCUSSION

*A.     Statute of Limitations*

A petition for a writ of habeas corpus must be filed in federal court no more than one year after the petitioner's judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). If a defendant does not seek review in the U.S. Supreme Court, his conviction is considered final when the 90-day period for seeking such review expires.[1] *See id.; Lawrence v. Florida*, 549 U.S. 327 (2007). In this circuit, a habeas petition is deemed filed on the date when the prisoner "place[s] the petition in the hands of the prison authorities for mailing." *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

In this case, Mims's application for leave to appeal to the Court of Appeals was denied on September 14, 2006, so his conviction became final ninety days later, on December

---

[1] There are other events which might start the limitations period running at a later date, *see* 28 U.S.C. § 2244(d)(1)(B)-(D), but none of them is relevant here.

13, 2006. Thus, the limitations period on his habeas petition expired on December 13, 2007. His petition, however, was not received by this court until June 2008. At oral argument, Mims claimed that he completed his petition and gave it to prison authorities in August 2007, while he was confined in the special housing unit at a different facility. Mims's petition is dated August 15, 2007, and he sent a letter in April 2008 asking about the status of his petition. When the *pro se* office for the Eastern District wrote to inform him that no petition had been received, Mims submitted a second copy of his petition, which was received and filed in June 2008. Mims submitted these documents to me following oral argument, and the government does not dispute Mims's account of these events. Accordingly, I find that, for limitations purposes, Mims's current petition was filed in August 2007, and is therefore timely.[2]

B.   Standard of Review

   1.   Deference

A reviewing federal court may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A

---

[2] But for the oral argument via videoconference, I would have wrongfully denied Mims's petition as untimely. It is an imposition on a prison to make an inmate available for such a conference, and I am grateful to the superintendant for doing so in this and other cases.

decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).

    *2.     Procedural Default*

Where there has been actual and explicit reliance upon procedural default to dispose of a claim in state court, there is an "adequate and independent state ground" for the judgment, prohibiting federal habeas review. *Harris v. Reed*, 489 U.S. 255, 261 (1989). Where the state appellate court rejects a state prisoner's claim as procedurally defaulted, the claim may be considered on federal habeas review only upon a showing of cause and prejudice, or upon a showing that a miscarriage of justice will result if the claim is not reviewed. *Coleman v. Thompson*, 501 U.S. 722, 744, 750 (1991). A petitioner may establish cause by showing "that the factual or legal basis for a claim was not reasonably available to counsel ... or that some interference by officials ... made compliance impracticable." *Id.* at 753 (internal quotation marks omitted). To satisfy the prejudice requirement, the alleged error must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski,* 316 F.3d 147, 152 (2d Cir.2003) (internal quotation marks omitted).

If the petitioner cannot show cause and prejudice, his procedural default may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would

5

result from a failure to entertain the claim, *i.e.*, "that he is actually innocent of the crime for which he has been convicted." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir.2002) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This fundamental miscarriage of justice exception to the procedural default rule is "extremely rare," and should be applied only in "extraordinary cases." *Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir.2003) (citing *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995)).

C.      *The Merits of Mims's Petition*

Mims first argues that the trial judge erred by not allowing him to introduce expert testimony on the reliability of eyewitness identification. This alleged error does not warrant habeas relief. Although the New York Court of Appeals recently granted a new trial based on a judge's refusal to allow expert testimony on identifications, *People v. LeGrand*, 8 N.Y.3d 449 (2007), the U.S. Supreme Court has not addressed the issue. Thus, the trial judge's decision (and the Appellate Division's affirmance of it) could not be contrary to or an unreasonable application of "clearly established *federal* law." *See* 28 U.S.C. § 2254(d) (emphasis added).

Mims also argues that the trial judge's response to the jury's question about the similarity between the charged offenses was erroneous. The Appellate Division, however, found that Mims had waived this argument by "attempting to exploit the differences between the two robberies" in his summation. *People v. Mims*, 817 N.Y.S.2d 356, 358 (2d Dep't 2006). Thus, the appeals court actually and explicitly relied on a state procedural rule -- the doctrine of waiver -- in denying Mims's claim. Mims has failed to show cause and prejudice excusing this procedural bar: he cannot show that the judge's instruction "infect[ed] his entire trial with error

6

of constitutional dimensions," *Torres*, 316 F.3d at 152 (emphasis added), because his principle contention is that the judge violated only a "well-settled principle[] of New York *evidentiary* law." Appellant's Br. at 49, *People v. Mims*, 817 N.Y.S.2d 356, 358 (2d Dep't 2006) (emphasis added). Mims has also failed to demonstrate that he is actually innocent of the charged offense. Accordingly, I will not review his claim that the judge's instruction was erroneous.

## CONCLUSION

For the reasons stated above, the petition is denied. As Mims has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
      October 2, 2008